**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY** | ) | |
| **COMMISSION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | **NO. 1:10-CV-2001** |
| | ) | |
| **RJB PROPERTIES, INC. and** | ) | |
| **BLACKSTONE CONSULTING, INC.,** | ) | **COMPLAINT** |
| | ) | |
| | ) | **JURY TRIAL DEMAND** |
| **Defendants.** | ) | |
| _____ | ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §

2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to

correct unlawful employment practices on the basis of national origin, sex, and retaliation and to

provide appropriate relief to Eduardo Chavez, Rosa Del Toro, Alberto Garcia, Todd Jackson,

Martha Lopez, Sergio Medina, Teodoro Medina, Venancia Mendoza, Elqui Navarro, Julia

Gladys Navarro, Maria Obregon, Maria Rodriguez, Maria Rosales, and Tony Wesley

(collectively, "Charging Parties") and a class of employees who were adversely affected by such

practices. Plaintiff U.S. Equal Employment Opportunity Commission (the "EEOC" or

"Commission") alleges that Defendants RJB Properties, Inc. and Blackstone Consulting, Inc.

(collectively, "Defendants") discriminated against Chavez, Del Toro, Garcia, Lopez, Sergio

Medina, Teodoro Medina, Mendoza, Elqui Navarro, Julia Gladys Navarro, Obregon, Rodriguez,

Rosales and a class of employees by subjecting them to harassment, different terms and

conditions of employment, and/or discharge because of their national origin, Hispanic. EEOC alleges that Defendants discriminated against Jackson by subjecting him to sexual harassment and discharge because of his sex, male. EEOC alleges that Defendants retaliated against Jackson, Julia Gladys Navarro, Wesley and a class of employees for complaining about discrimination, filing a charge of discrimination, and/or opposing unlawful employment practices. Finally, EEOC alleges that Defendant RJB Properties, Inc. failed to file Employer Information Report EEO-1s ("EEO-1 reports") as required by 42 U.S.C. §2000e-8(c) and regulations issued thereunder, 29 C.F.R. §§1602.7 - 1602.11, for the years 2005 and 2006.

## JURISDICTION AND VENUE

1.      Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant RJB Properties, Inc. ("RJB") has continuously

2

been and is now doing business in the State of Illinois, including Cook County, and has continuously had at least fifteen (15) employees.

5.     At all relevant times, Defendant RJB has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e-(b), (g) and (h).

6.     At all relevant times, Defendant Blackstone Consulting, Inc. ("Blackstone") has continuously been and is now doing business in the State of Illinois, including Cook County, and has continuously had at least fifteen (15) employees.

7.     At all relevant times, Defendant Blackstone has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e-(b), (g) and (h).

## STATEMENT OF CLAIMS

6.     More than thirty days prior to the institution of this lawsuit, Chavez, Del Toro, Garcia, Jackson, Lopez, Sergio Medina, Teodoro Medina, Mendoza, Elqui Navarro, Julia Gladys Navarro, Obregon, Rodriguez, Rosales, and Wesley filed charges with the Commission alleging violations of Title VII by Defendants. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.     Since at least 2005, Defendants RJB and Blackstone, acting as a single employer and/or joint employers of the Charging Parties, have engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). Such unlawful employment practices include, but are not limited to:

     a.     subjecting Chavez, Del Toro, Garcia, Lopez, Teodoro Medina, Julia

Gladys Navarro, Elqui Navarro, Obregon, Rodriguez, Rosales and a class of Hispanic employees to a hostile work environment and different terms and conditions of employment because of their national origin, in continuing violation of Section 703(a)(1), 42 U.S.C. § 2000e-2(a)(1), including but not limited to, by subjecting them to derogatory comments and epithets, assigning them more work than non-Hispanic employees, subjecting them to greater scrutiny and stricter work rules than non-Hispanic employees, and denying them overtime;

b.      discharging Chavez, Del Toro, Sergio Medina, Mendoza, Rodriguez, Rosales and a class of employees because of their national origin, Hispanic;

c.      subjecting Jackson to harassment based on his sex (male), and firing him because he rejected a supervisor's sexual advances; and

d.      engaging in discriminatory hiring practices by hiring Hispanic applicants for on-call positions and hiring non-Hispanic applicants for regular, full-time positions, and by failing to promote Hispanic employees from on-call positions to regular, full-time positions.

8.      Since at least 2005, Defendants RJB and Blackstone, acting as a single employer and/or joint employers of the Charging Parties, have engaged in unlawful employment practices in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a).  Such unlawful employment practices include, but are not limited to:

a       discharging Jackson and a class of employees because they opposed

4

unlawful employment practices;

b      subjecting Julia Gladys Navarro and a class of employees to harassment and different terms and conditions of employment because they complained about national origin discrimination and/or filed a charge of discrimination; and

c      demoting, reducing the pay of, and/or constructively discharging Wesley and a class of employees because they opposed unlawful employment practices.

9.     During the years 2005 and 2006, RJB failed to file EEO-1 reports, in violation of 42 U.S.C. §2000e-8(c) and regulations issued thereunder, 29 C.F.R. §§1602.7 - 1602.11.

10.    The unlawful employment practices complained of in paragraphs seven (7) and eight (8) above were intentional.

11.    The unlawful employment practices complained of in paragraphs seven (7) and (8) above were done with malice or with reckless indifference to the federally protected rights of Chavez, Del Toro, Garcia, Jackson, Lopez, Sergio Medina, Teodoro Medina, Mendoza, Elqui Navarro, Julia Gladys Navarro, Obregon, Rodriguez, Rosales, and Wesley and a class of employees

## **PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of national origin;

B.      Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of sex;

C.      Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from retaliating against any employee for opposing any practice made unlawful by Title VII or for filing a charge, testifying, assisting, or participating in any manner in any investigation, proceeding, or hearing under Title VII.

D.      Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for its employees regardless of national origin, and which eradicate the effects of their past and present unlawful employment practices;

E.      Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees regardless of their sex and which eradicate the effects of their past and present unlawful employment practices.

F.      Order Defendants to make whole Chavez, Del Toro, Jackson, Lopez, Sergio Medina, Mendoza, Elqui Navarro, Julia Gladys Navarro, Rodriguez, Rosales, Wesley and a class of employees by providing appropriate back pay with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices;

G.      Order Defendants to make whole Chavez, Del Toro, Garcia, Jackson, Lopez, Sergio Medina, Teodoro Medina, Mendoza, Elqui Navarro, Julia Gladys Navarro, Obregon, Rodriguez, Rosales, and Wesley and a class of employees by providing compensation for past

6

and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial;

H.      Order Defendants to make whole Chavez, Del Toro, Garcia, Jackson, Lopez, Sergio Medina, Teodoro Medina, Mendoza, Elqui Navarro, Julia Gladys Navarro, Obregon, Rodriguez, Rosales, and Wesley and a class of employees by providing compensation for past and future non-pecuniary losses, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial;

I.      Order Defendants to pay Chavez, Del Toro, Garcia, Jackson, Lopez, Sergio Medina, Teodoro Medina, Mendoza, Elqui Navarro, Julia Gladys Navarro, Obregon, Rodriguez, Rosales, and Wesley and a class of employees punitive damages for their malicious and/or reckless conduct described above, in amounts to be determined at trial;

J.      Order that RJB, without further delay, prepare, execute, and file accurate and complete EEO-1 reports as required by law for the years 2005 and 2006;

K.      Grant such further relief as the Court deems necessary and proper in the public interest; and

L.      Award the Commission its costs in this action.

**<u>JURY TRIAL DEMAND</u>**

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

7

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M Street, NE
Washington, D.C. 20507

John C. Hendrickson
Regional Attorney

Diane I. Smason
Supervisory Trial Attorney

Ann M. Henry
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
500 West Madison Street
Suite 2000
Chicago, Illinois 60661
(312) 353-8558

8