# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 2001 | **DATE** | 8/13/2010 |
| **CASE TITLE** | EEOC vs. RJB Properties, et al. | | |

**DOCKET ENTRY TEXT**

Because there is no authority precluding application of joint employer liability in this case, Blackstone's motion (17) is denied.

■[ For further details see text below.]

Notices mailed by Judicial staff.

---

## STATEMENT

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. Plaintiff United States Equal Employment Opportunity Commission alleges that defendants RJB Properties, Inc. ("RJB") and Blackstone Consulting, Inc. ("Blackstone"), discriminated against a class of employees on the basis of their national origin and sex, by subjecting them to harassment, different terms and conditions of employment, and/or discharge, and retaliated against them for complaining about discrimination, filing charges of discrimination, and/or opposing unlawful employment practices, among other things. Blackstone moves to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). It argues that allegations in the complaint stating RJB and Blackstone "[acted] as a single employer and/or joint employers" of the charging parties are not sufficient to sustain a claim for discrimination against it because it did not actually employ the charging parties.

Among other things, Blackstone argues that it cannot be liable for discrimination or retaliation under a joint employer theory because the Seventh Circuit has not recognized such liability in Title VII cases. The authority cited by the parties shows that while not affirmatively recognized, joint employer liability has not been precluded in Title VII cases either – rather, the question of its applicability is unsettled. *See Clifford v. Patterson Cos., Inc.,* 08 C 0828, 2009 WL 3852447 at *9 (N.D. Ill. Nov. 18, 2009)(citing *Alexander v. Rush N. Shore Med. Ctr.*, 101 F.3d 487, 493 n.2 (7th Cir. 1996)("Thus, we continue to leave open the question that went unanswered in [*Shrock v. Altru Nurses Registry*, 810 F.2d 658, 660 (7th Cir. 1987)] - *i.e.*, whether an employee of employer X may bring a Title VII action against employer Y when Y is not his employer, but merely someone whose discriminatory conduct interferes with his employment with employer X")); *see also* Brown v. City of North Chicago, 2006 WL 1840802, *2-3 (N.D. Ill. June 28, 2006)(allowing joint employer theory where plaintiff temporary employee alleged discrimination against non-employer company Y where he was staffed by employer company X). Because there is no authority precluding application of joint employer liability in this case, Blackstone's motion is denied. The parties remaining arguments are moot.

## STATEMENT