IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>RJB PROPERTIES, INC. and BLACKSTONE CONSULTING, INC.,<br><br>Defendants. | CIVIL ACTION<br>NO. 1:10-CV-2001 |

## CONSENT DECREE

## THE LITIGATION

1. Plaintiff Equal Employment Opportunity Commission ("EEOC") filed this action alleging that Defendants RJB Properties, Inc. ("RJB") and Blackstone Consulting, Inc. ("BCI") violated Section 703(a) of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e-2(a), by discriminating against a class of Hispanic employees based on their national origin by harassing them, subjecting them to different terms and conditions of employment, failing to hire or promote them into full-time positions, and/or discharging them; violated Section 703(a) of Title VII by sexually harassing and discharging Todd Jackson because of his sex, male; and violated Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a) by retaliating against Jackson, Tony Wesley, Gladys Navarro, and a class of employees. RJB and BCI filed Answers denying the allegations of the Complaint. Nothing in this Consent Decree ("Decree") should be deemed and/or characterized as an admission by any party as to the claims or defenses of another party.

2. The Court granted BCI's motion for summary judgment and dismissed BCI from

this case entirely. As a result, this Decree is entered into solely between EEOC and RJB.

3. The Court granted RJB's motions for summary judgment and dismissed the claims of the following thirteen persons for whom EEOC sought relief: Eva Alvarez, Guillermina Avila, Rosa Del Toro, Minerva Flores, Alberto Garcia, Teodoro Medina, Elqui Navarro, Gladys Navarro, Maria Obregon, Berenice Ortega, Juana Vega, Maria Villagomez and Rita Villagomez. In order for a person for whom EEOC seeks relief to be bound by the terms of this Decree, he/she must sign a release of claims (contained in Exhibit A) in return for monetary consideration.

4. When the term "the parties" is used hereafter, it refers to EEOC and RJB only. When the term "Defendant" is used hereafter, it refers to RJB only. When the term "Charging Parties" is used hereafter, it refers to Eduardo Chavez, Rosa Del Toro, Alberto Garcia, Todd Jackson, Martha Lopez, Sergio Medina, Teodoro Medina, Venancia Mendoza, Elqui Navarro, Julia Gladys Navarro, Maria Obregon, Maria Rodriquez, Maria Rosales, Tony Wesley, Maria Rodriquez, Eva Alvarez, Jessica Vazquez, Juana Vega, Maria Villagomez, Rita Villagomez, Berenice Ortega, and Minerva Flores. When the term "Class Members" is used hereafter, it refers to the Charging Parties along with the class of employees identified in the Complaint.

5. In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that this action should be finally resolved by entry of this Decree. This Decree fully and finally resolves any and all issues and claims arising out of the Complaint including but not limited to all claims that were the subject of discovery or summary judgment. EEOC shall not further pursue claims arising out of the Complaint on behalf of any Class Members.

### FINDINGS

6. Having carefully examined the terms and provisions of this Decree, and based on

the pleadings, record, and stipulations of the parties, the Court finds the following:

    a.    This Court has jurisdiction of the subject matter of this action and of the parties.

    b.    The terms of this Decree are adequate, fair, reasonable, equitable, and just. The rights of EEOC, RJB, the Class Members, and the public interest are adequately protected by this Decree.

    c.    This Decree conforms with the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the objectives of Title VII and will be in the best interests of EEOC, RJB, the Class Members and the public.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

## **NON-DISCRIMINATION**

7. RJB, its officers, agents, employees, successors, assigns, and all persons acting in concert with them are permanently enjoined from engaging in any employment practice which discriminates on the basis of national origin; engaging in or being a party to any action, policy or practice that is intended to or is known to them to have the effect of harassing any employee on the basis of national origin; and/or creating, facilitating or tolerating the existence of a work environment that is hostile to employees based on national origin.

8. RJB, its officers, agents, employees, successors, assigns, and all persons acting in concert with them are permanently enjoined from engaging in any employment practice which discriminates on the basis of sex; engaging in or being a party to any action, policy or practice that is intended to or is known to them to have the effect of harassing any employee on the basis of sex; and/or creating, facilitating or tolerating the existence of a work environment that is hostile to employees based on sex.

## NON-RETALIATION

9. RJB, its officers, agents, employees, successors, assigns, and all persons acting in concert with them shall not engage in any form of retaliation against any person because such person has opposed any practice made unlawful under Title VII, filed a Charge of Discrimination under Title VII, testified or participated in any manner in any investigation, proceeding, or hearing under Title VII, or asserted any rights under this Decree.

## MONETARY RELIEF

10. RJB shall pay the gross aggregate sum of three hundred and sixty thousand dollars ($360,000) to be distributed as compensatory damages to the following persons:

| | |
|---|---|
| Eduardo Chavez | $48,750 |
| Todd Jackson | $15,000 |
| Martha Lopez | $35,000 |
| Sergio Medina | $48,750 |
| Venancia Mendoza | $48,750 |
| Gladys Navarro | $10,000 |
| Maria Rodriguez | $35,000 |
| Maria Rosales | $35,000 |
| Jessica Vazquez | $35,000 |
| Tony Wesley | $48,750 |

11. EEOC will mail to the Class Members identified above the applicable Release Agreement attached in Exhibit A. Within seven (7) calendar days after receipt by RJB of a signed Release Agreement, Defendant, either directly or by its counsel, shall issue and mail by certified mail to the Class Member who signed the Release Agreement a check for the amount

4

specified above and a copy of the check to EEOC. RJB shall mail the checks to each Class Member's address as written on his or her signed release.

12. All amounts paid to Class Members constitute "compensatory damages" under the Civil Rights Act of 1991, 42 U.S.C. §1981a. No payment made pursuant to this Decree shall constitute or be considered to be back pay, and no taxes need be withheld.

13. RJB shall issue IRS Form 1099s for each of the payments identified above.

## POSTING OF NOTICE

14. On or before Monday, May 11, 2013, RJB shall post same-sized copies of the Notices attached as Exhibit B to this Decree at its headquarters in Orland Park, Illinois, in a conspicuous location usually used by RJB for communicating information to its employees. RJB shall post the Spanish translation of the Notice (contained in Exhibit B) alongside the English version of the Notice throughout the duration of the Decree. The Notice shall remain posted for two years from the date of entry of this Decree. RJB shall take all reasonable steps to ensure that the Notices are not altered, defaced or covered by any other material. On or before May 21, 2013, RJB shall certify to EEOC in writing that the Notices have been properly posted and identify the location within the building where the Notices are posted. RJB shall permit a representative of EEOC to enter RJB's premises for purposes of verifying compliance with this paragraph at any time during normal business hours without prior notice.

15. On or before May 31, 2013, RJB shall distribute a copy of the Notice (in English and Spanish) to each of its employees. Within ten (10) calendar days after distributing the Notice to employees as set forth in this paragraph, RJB shall certify in writing that the required distribution has occurred and describe the method of distribution.

## RECORD KEEPING

16. For a period of two years following entry of this Decree, RJB shall maintain and make available for inspection and copying by EEOC records of each complaint of discrimination or harassment based on national origin, sex, and/or retaliation (including name, age, address, telephone number of the complainant, a description of the complaint, and the resolution of the complaint).

17. RJB shall make all non-privileged documents or records referred to in Paragraph 16 above available for inspection and copying within ten (10) business days after EEOC so requests. In addition, RJB shall make available all persons within its employ whom EEOC reasonably requests for purposes of verifying compliance with this Decree and shall permit a representative of EEOC to enter RJB's premises for such purposes on ten (10) business days advance notice by EEOC.

18. Nothing contained in this Decree shall be construed to limit any obligation RJB may otherwise have to maintain records under Title VII or any other law or regulation.

## REPORTING

19. RJB shall furnish to EEOC the following written reports semi-annually for a period of two years following entry of this Decree. The first report shall be on or before November 1, 2013. The final report shall be due April 1, 2015. Each such report shall contain:

    a. A description of each complaint of discrimination or harassment based on national origin, sex, and/or retaliation and the resolution of such complaint, if any, occurring within the six (6) month period preceding the report;

    b. A certification by RJB that the Notices required to be posted in Paragraph 14 above, remained posted during the entire six (6) month period preceding the report.

## ADOPTION AND DISTRIBUTION OF POLICY AGAINST NATIONAL ORIGIN DISCRIMINATION, SEXUAL HARASSMENT, AND RETALIATION

20. RJB shall distribute a policy against national origin discrimination, sexual harassment, and retaliation (the "Policy") to all employees on or before July 1, 2013. The Policy shall be written in English and Spanish. The Policy shall, at a minimum:

    a. Define national origin discrimination and harassment and give examples of behavior that could constitute national origin discrimination or harassment;

    b. Define sexual harassment and give examples of behavior that could constitute sexual harassment;

    c. Provide that employees who complain of discrimination, harassment, and/or retaliation or provide information related to such complaints will not be retaliated against and that employees engaging in retaliation will be subject to discipline, up to and including discharge;

    d. Provide that employees can complain of discrimination, harassment, or retaliation to any person in the chain of command above the employee or directly to human resources personnel;

    e. Identify by name and telephone number a human resources employee located in the Chicago metropolitan area to whom employees can bring complaints of discrimination, harassment, or retaliation;

    f. Identify by name and telephone number a Spanish-speaking employee located in the Chicago metropolitan area to whom Spanish-speaking employees can bring complaints of discrimination, harassment, or retaliation (if the person identified pursuant to Paragraph 20(e) is not a Spanish-speaker);

  g. Provide that employees are not required to complain of discrimination, harassment or retaliation to a person against whom they allege discrimination or harassment;

  h. Provide that RJB will take prompt and appropriate action to investigate each complaint of discrimination, harassment or retaliation;

  i. Provide that RJB will protect the confidentiality of complaints to the extent possible;

  j. Provide that RJB will take immediate and appropriate corrective action if and when it determines that discrimination, harassment, or retaliation has occurred; and

  k. Provide that employees who violate the Policy are subject to discipline up to and including discharge.

21. RJB shall forward a copy of the Policy to the EEOC on or before June 1, 2013. The inclusion of this paragraph in the Decree does not represent the EEOC's or the Court's approval of RJB's policy against national origin discrimination, sexual harassment and retaliation.

22. RJB shall distribute the Policy (in English and Spanish) to all employees and include the Policy (in English and Spanish) in any relevant policy or employee manuals kept by RJB. The Policy (in English and Spanish) shall also be kept and maintained in a conspicuous and accessible place for all employees and printed in a font that is easily legible.

23. A copy of the Policy (in English and Spanish) shall be distributed to each new permanent or temporary employee by the seventh calendar day after the employee begins working for Defendant. The manager or human resources personnel responsible for distributing the Policy to each new employee shall review the Policy with the employee. If a new employee's first language is Spanish, the manager or human resources personnel responsible for

reviewing the Policy shall be fluent in Spanish or use an interpreter who is fluent in Spanish.

## **TRAINING**

24. During each of the two years covered by this Decree, RJB agrees that it shall conduct an annual training seminar for all employees regarding the Company's Policy prohibiting national origin discrimination and harassment, sexual harassment, and retaliation, and the process by which an employee may file a complaint of discrimination, harassment and/or retaliation. The trainings shall be conducted by Dana Pearl. RJB shall hold separate training sessions for non-supervisory employees and for supervisors and managers. Each training for non-supervisory employees shall be conducted in both English and Spanish. RJB shall maintain a registry of attendance for each training seminar. The first trainings shall take place on or before August 29, 2013.

25. In the event that Ms. Pearl is not able to conduct the training or RJB wishes to utilize another trainer, RJB shall obtain the EEOC's approval of a proposed trainer prior to the required training session. RJB shall submit the name, address, telephone number, resume and training proposal of the proposed trainer to the EEOC at least fifteen (15) business days prior to the proposed date(s) of the training. The EEOC shall have five (5) business days from the date of receipt of the information described above to accept or reject the proposed trainer. In the event the EEOC does not approve RJB's designated trainer, RJB shall have five (5) business days to identify an alternate trainer. The EEOC shall have five (5) business days from the date of receipt of the information described above to accept or reject the alternate trainer. If the parties cannot through this process agree on a trainer, then they may seek the Court's assistance under Paragraph 29.

26. RJB shall certify to the EEOC in writing within ten (10) business days after each

training has occurred that the training has taken place and that the required personnel have attended. Such certification shall include: (i) the dates, location and duration of the trainings; (ii) a copy of the registry of attendance, which shall include the name and position of each person in attendance; and (iii) a listing of all current employees as of the date of the training.

27. Within ten (10) business days of the training, RJB shall provide the EEOC with copies of all pamphlets, brochures, outlines or other written material(s) provided to the participants of the training session(s).

## EEO-1 REPORTS

28. RJB shall file on an annual basis its EEO-1 reports as required, pursuant to 42 U.S.C. § 2000e-8(c), and regulations issued thereunder, 29 C.F.R. §§ 1602.7 - 1602.11.

## DISPUTE RESOLUTION

29. In the event that any party to this Decree believes that another party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance and shall afford the alleged non-complying party ten (10) business days to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within ten (10) business days, the complaining party may apply to the Court for appropriate relief, which shall not exceed the terms of this decree.

## DURATION OF THE DECREE AND RETENTION OF JURISDICTION

30. All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a period of two years immediately following entry of the Decree unless otherwise specified, provided, however, that if, at the end of

the two- year period, any disputes under Paragraph 29, above, remain unresolved, the aggrieved party must inform the other party in writing regarding the nature of the outstanding dispute. If this action is taken, the term of the Decree shall be automatically extended (and the Court will retain jurisdiction of this matter to enforce the Decree) until such time as all such disputes have been resolved.

## MISCELLANEOUS PROVISIONS

31. EEOC agrees that only conduct by RJB that occurs after the date of entry of this Consent Decree could be relied upon by EEOC to assert a violation of the Consent Decree.

32. Each party to this Decree shall bear its own expenses, costs and attorneys' fees.

33. The terms of this Decree are and shall be binding upon the present and future directors, officers, managers, agents, successors, and assigns of RJB. Prior to any sale or other transfer of RJB's business or sale or other transfer of all or a substantial portion of its assets, RJB shall provide to any potential purchaser, potential transferee or other potential successor a copy of this Decree.

34. If any provision(s) of this Decree are found to be unlawful, only such provision(s) shall be severed, and the remainder of the Decree shall remain in full force and effect. When this Decree requires the submission by RJB of materials to EEOC, they shall be emailed to ann.henry@eeoc.gov or mailed to Ann Henry, Equal Employment Opportunity Commission, 500 West Madison Street, Suite 2000, Chicago, Illinois 60661. When this Decree requires submission by EEOC of materials to RJB, they shall be emailed to proeser@rbglegal.com or mailed to Peter Roeser, Roeser Bucheit & Graham LLC, 20 N. Wacker Drive, Ste. 1330, Chicago, IL 60606.

| | |
|---|---|
| For the EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>500 West Madison Street, Suite 2000<br>Chicago, Illinois 60661<br>(312) 869-8108 | For RJB Properties, Inc. |

/s/ John C. Hendrickson

_____
John C. Hendrickson
Regional Attorney

*Diane L Smason* (signature)

_____
Diane Smason
Supervisory Trial Attorney

/s/ Ann Henry

_____
Ann Henry
Trial Attorney

*Gordon Waldron* (signature)

_____
Gordon Waldron
Senior Trial Attorney

*Laura Feldman* (signature)

_____
Laura R. Feldman
Trial Attorney

DATE: May 1, 2013

/s/ Peter S. Roeser

_____
Peter S. Roeser
ROESER BUCHEIT & GRAHAM LLC
20 N. Wacker Dr., Ste. 1330
Chicago, IL 60606
proeser@rbglegal.com
312.621.0303

/s/ John E. Bucheit

_____
John E. Bucheit
ROESER BUCHEIT & GRAHAM LLC

20 N. Wacker Dr., Ste. 1330
Chicago, IL 60606
jbucheit@rbglegal.com
312.621.0302

ENTER:

*Arlander Keys* (signature)

_____
The Honorable Arlander Keys
United States Magistrate Judge

## EXHIBIT A

**RELEASE AGREEMENT (National Origin Discrimination Claimants)**

In consideration for $ _____ paid to me by RJB Properties, Inc., in connection with the resolution of <u>EEOC v. RJB Properties, Inc. et al.</u>, 10-cv-2001 (N.D. Ill.), I waive my right to recover for any claims of national origin discrimination and/or harassment arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e <u>et</u> <u>seq</u>. that I had against RJB Properties, Inc. prior to the date of this release and that were included in the claims alleged in EEOC's complaint in <u>EEOC v. RJB Properties, Inc., et al.</u>, 10-cv-2001 (N.D. ILL).

Date: _____

Signature: _____

Printed Name: _____

Address: _____

                      Street and Number                    Apartment number (if any)

_____

                        City/Town                                    Zip Code

**DOCUMENTO A**

**ACUERDO Y LIBERACIÓN DE RESPONSABILIDAD (Reclamantes de Discriminación de Origen Nacional)**

En consideración de $_____ que me pagó RJB Properties, Inc., con respecto a la resolución de EEOC v. RJB Properties, Inc. et al., 10-cv-2001 (N.D. Ill.), yo renuncio mi derecho para solicitar cualquier reclamo de discriminación y/u hostigamiento de origen nacional bajo Titulo VII de la Ley de Derechos Civiles de 1964, y sus enmiendas, 42 U.S.C. § 2000e et seq. que tenía contra RJB Properties, Inc. antes de la fecha de este acuerdo y que fueron incluidos en las demandas alegadas en la queja de la EEOC en EEOC v. RJB Properties, Inc., et al., 10-cv-2001 (N.D. ILL).

Fecha: _____  Firma: _____

Nombre en letra de imprenta: _____

Dirección: _____
            Calle y número          Número de apartamento

           _____
            Ciudad/Estado           Código Postal

## RELEASE AGREEMENT

In consideration for $ _____ paid to me by RJB Properties, Inc., in connection with the resolution of <u>EEOC v. RJB Properties, Inc. et al.</u>, 10-cv-2001 (N.D. Ill.), I waive my right to recover for any claims of retaliation and constructive discharge arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e <u>et</u> <u>seq</u>. that I had against RJB Properties, Inc. prior to the date of this release and that were included in the claims alleged in EEOC's complaint in <u>EEOC v. RJB Properties, Inc., et al.</u>, 10-cv-2001 (N.D. ILL).

Date: _____  Signature: _____

Printed Name: _____

Address: _____
                      Street and Number                            Apartment number (if any)

_____
                      City/Town                                   Zip Code

## EXHIBIT B

## NOTICE TO ALL RJB EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the federal court in EEOC v. RJB Properties, Inc., et al., No. 10-cv-2001, settling a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") against RJB Properties, Inc. ("RJB").

In its suit, EEOC alleged that RJB subjected employees to national origin discrimination and harassment, sexual harassment, and/or retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq., ("Title VII"). RJB filed an Answer denying EEOC's allegations to this effect.

To resolve the case, RJB and EEOC have entered into a Consent Decree which requires, among other things, that:

1) RJB will pay monetary relief to certain employees on whose behalf EEOC brought the above suit.

2) RJB will adopt and distribute a policy against national origin discrimination and harassment, sexual harassment, and retaliation, and provide training to employees on national origin discrimination and harassment, sexual harassment, and retaliation.

3) RJB will not discriminate against or subject employees to harassment based on national origin or sex.

4) RJB will not retaliate against any person because he or she opposed any practice made unlawful by Title VII, filed a Title VII charge of discrimination, participated in any Title VII proceeding, or asserted any rights under the Consent Decree.

EEOC enforces the federal laws against discrimination in employment on the basis of disability, race, color, religion, national origin, sex, and age. If you believe you have been discriminated against, you may contact EEOC at (312) 869-8000. EEOC charges no fees. EEOC has a TTD number and has employees who speak languages other than English.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE**

**This Notice must remain posted for two years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: RJB Settlement, EEOC 500 West Madison Street, Suite 2000, Chicago, Illinois 60661.**

May 1, 2013

_____
The Honorable Arlander Keys
United States Magistrate Judge

## DOCUMENTO B

### NOTIFICACION A TODOS LOS EMPLEADOS DE RJB

Este aviso ha sido publicado de acuerdo con el Decreto de Consentimiento dictado por el Tribunal Federal en el caso EEOC v. RJB Properties, Inc., Caso Número 10-cv-2001, resolviendo una demanda presentada por la *Comisión para la Igualdad de Oportunidades en el Empleo* ("EEOC") contra RJB Properties, Inc. ("RJB").

En su demanda, la EEOC alega que RJB discriminó contra su empleados sometiéndolos a discriminación e hostigamiento por origen nacional, hostigamiento sexual, y/o represalia en violación del Título VII de la Ley de Derechos Civiles de 1964, y sus enmiendas, 42 U.S.C. § 2000e et seq. ("Título VII"). RJB presentó una respuesta negando todas las alegaciones de la EEOC.

Para resolver el caso, RJB y la EEOC han entrando en un Decreto de Consentimiento por lo cual provee, entre otras cosas, lo siguiente:

1) RJB pagará daños y perjuicios monetarios a ciertos empleados por los cuales la EEOC presento la demanda mencionada arriba.

2) RJB adoptara y distribuirá una póliza contra la discriminación e hostigamiento por origen nacional, hostigamiento sexual, y represalia; proveerá entrenamiento a los empleados sobre la discriminación y hostigamiento por origen nacional, hostigamiento sexual, y represalia.

3) RJB no discriminará contra, ni someterá los empleados al hostigamiento por origen nacional o por sexo.

4) RJB no tomará represalias contra un individuo por oponerse a prácticas discriminatorias según el Título VII, por presentar una querella por discriminación según el Título VII, por participar en cualquier procedimiento de Título VII o ejercer cualquier derecho bajo el Decreto de Consentimiento.

La EEOC ejecuta las leyes federales que prohíben la discriminación en el empleo por raza, color, religión, sexo, origen nacional, edad o incapacidad. Si usted cree que ha sido discriminado, usted se puede comunicar con la EEOC al (312) 869-8000. El EEOC no cobrar honorarios. La EEOC tiene empleados que hablan otros idiomas aparte del inglés y un número de TTD.

### ESTE ES UN AVISO OFICIAL Y NO DEBE SER MUTILADO POR NADIE

**Este Aviso deberá permanecer fijado durante un período de dos años consecutivos e ininterrumpidos a partir de la fecha firmada y no debe ser alterado, mutilado o cubierto por ningún otro material. Cualquier pregunta con relación a este Aviso o el cumplimiento con las disposiciones del mismo pueden ser dirigidas a: RJB Settlement, EEOC 500 West Madison Street, Suite 2000, Chicago, Illinois 60661.**

_May 1, 2013_
Fecha

_Arlander Keys_
El Honorable Arlander Keys
Juez del Tribunal Federal del Distrito