**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) No. 10-CV-2001 |
| Plaintiff, | ) ) ) |
| v. | ) Honorable Elaine E. Bucklo ) ) |
| RJB PROPERTIES, INC. and BLACKSTONE CONSULTING, INC., | ) Magistrate Judge Arlander Keys ) ) |
| Defendants. | ) ) ) |

**BLACKSTONE CONSULTING'S MOTION
FOR ENTRY OF FINAL JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 58(d), Defendant Blackstone Consulting, Inc. respectfully requests that the Court direct entry of final judgment in Blackstone's favor. In support of its motion, Blackstone states the following:

1. On April 23, 2012, the Court entered a Memorandum Opinion and Order granting summary judgment in Blackstone's favor. (*See* Dkt. No. 199.) Through the Memorandum Opinion and Order the Court (i) granted Blackstone's motion for summary on the joint employer and single employer issue, (ii) granted Blackstone's summary judgment motion with respect to all claimants at Thornwood High School and (iii) granted, in part, Blackstone's motion for summary judgment with respect to the claimants at the Illinois Institute of Technology. Accordingly, the Court's summary judgment ruling disposed of all claims against Blackstone asserted by the EEOC.

2. While the Court's Memorandum Opinion and Order disposed of all claims against Blackstone it did not resolve all claims against defendant RJB Properties Inc. Accordingly, the Court did not enter a final judgment with respect to Blackstone at the time it rendered its opinion and has not done so yet.

3. With respect to the remaining claims against defendant RJB Properties Inc., the EEOC and RJB consented to resolve those claims before Magistrate Judge Keys. (*See* Dkt. No. 219.) Those claims have now been resolved. Namely, on or about April 26, 2013, the EEOC and RJB filed a joint motion for the entry of Consent Decree resolving the EEOC's remaining claims against RJB (Dkt. No. 227), which Magistrate Judge Keys entered on May 1 (Dkt No. 229). The EEOC specifically excluded Blackstone as a party to the Decree, and it was entered only on behalf of RJB. (*See* Dkt. Nos. 229, 230.)

4. Because all claims between all parties in the case have now been resolved, Blackstone submits that there is no reason to delay entry of final judgment in its favor on which costs and/or fees may be taxed pursuant to Fed. R. Civ. P. 54, 28 U.S.C. § 1920, and 42 U.S.C.§ 2000e-5(k).

WHEREFORE, Defendant Blackstone Consulting, Inc., respectfully requests that the Court direct entry of final judgment in its favor on all claims asserted by the EEOC against it and for such additional relief as the Court deems appropriate under the circumstances.

Dated: May 14, 2013                    Respectfully submitted,

                                       Blackstone Consulting, Inc.


                                       By: s/   Peter S. Roeser
                                       _____
                                       One of Its Attorneys

Peter S. Roeser
John E. Bucheit | Darrell J. Graham
**ROESER BUCHEIT & GRAHAM LLC**
20 North Wacker Drive, Ste. 1330
Chicago, Illinois 60606
(312) 621-0302
Jbucheit@rbglegal.com

## **CERTIFICATE OF SERVICE**

      I, John E. Bucheit, an attorney, certify that on May 14, 2013 I caused the attached to be served by the court's electronic court filing system to Ann Henry, Gordon Waldron and Laura Feldman of the Equal Employment Opportunity Commission.

      /s/ Peter S. Roeser
      _____